NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 2 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UTHE TECHNOLOGY CORPORATION

Plaintiff-Appellant,

v.

AETRIUM INC., et al.,

Defendants-Appellees.

No. 16-16664

D.C. No. 3:95-cv-02377-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted February 14, 2018
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and LASNIK,[**] District Judge.

This case concerns an appeal of an order granting summary judgment in favor

of the Defendants in a civil action brought under the Racketeering Influenced and

Corrupt Organizations Act ("RICO"). *See* 18 U.S.C. § 1964. Plaintiff-Appellant

Uthe Technology Corporation ("Uthe") is a manufacturer of semiconductor

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

1

products. Uthe conducted business in Asia through its wholly-owned subsidiary, Uthe Technology (Singapore) Pte Ltd. ("Uthe Singapore"). Uthe alleges that, in 1992, several employees, officers, and directors of Uthe Singapore, along with others—including Defendants-Appellees Aetrium, Inc. ("Aetrium") and Harry Allen—(collectively, "the Conspirators") conspired to steal Uthe Singapore's business by diverting Uthe Singapore's customers and orders to a newly created company, withholding payments, and taking other actions that harmed the business of Uthe Singapore. Ultimately, these alleged actions caused Uthe to sell Uthe Singapore to some of the Conspirators at a reduced price.

In 1993, Uthe filed a lawsuit against the Conspirators in California Superior Court. The Conspirators removed the case to the Northern District of California based on diversity jurisdiction and federal question jurisdiction, and Uthe filed an amended complaint asserting claims under California law, federal securities laws, and the civil RICO statute. Some of the Conspirators moved to dismiss the action and refer the claims against them to arbitration in Singapore pursuant to an arbitration clause in the Singapore stock sale agreement under which some of the Conspirators had acquired their stock in Uthe Singapore. The district court granted the motion, dismissed claims against some Conspirators, ordered those claims to arbitration in Singapore, and stayed the claims against Aetrium and Allen (who were not parties to the stock sale agreement) pending resolution of the arbitration. In

2

2012, the arbitration in Singapore concluded when the arbitrator found that the Conspirators were liable to Uthe for the approximately $9 million difference between the sale price for Uthe Singapore and what Uthe Singapore would have been worth but for the Conspirators' actions.

After the arbitration award, Uthe sought to reopen the case against Aetrium and Allen. Uthe filed a Second Amended Complaint (the "SAC") in 2012 alleging, among other claims, a treble damages claim under the civil RICO statute. The district court granted Defendants' motion for summary judgment, finding that Uthe had been fully compensated by the Singapore arbitration award and was barred from seeking treble RICO damages by the "one satisfaction rule." Uthe appealed and we reversed, holding that Uthe was entitled to pursue treble damages under RICO, provided that any award was offset by the amount of the Singapore arbitration award. *Uthe Tech. Corp. v. Aetrium, Inc.*, 808 F.3d 755, 762 (9th Cir. 2015).

On remand, the civil RICO claim was the only claim at issue. Defendants moved for summary judgment again, this time arguing that Uthe's claim failed to satisfy the continuity requirement of a RICO claim. The district court denied that motion, but stayed the case pending publication of the Supreme Court's opinion in *RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090 (2016), which concerned the extraterritorial application of civil RICO claims. After the Supreme Court issued its opinion, Defendants filed yet another summary judgment motion,

3

arguing that Uthe's remaining injury was not a "domestic injury" within the meaning of *RJR Nabisco* and, alternatively, that Uthe's alleged injuries were derivative injuries that could not be redressed through a RICO action.

A derivative injury occurs "[w]here all of a corporation's stockholders are harmed . . . solely because they are stockholders." *Feldman v. Cutaia*, 951 A.2d 727, 733 (Del. 2008). When a corporation is injured by, for instance, losing one of its assets, the shareholders are also injured because the value of their shares has decreased.[1] But the injury to the shareholders is indirect and is "derivative" of the injury to the corporation because the shareholders have been injured "solely because" of their shareholder status. *Id.* Thus, we have previously held that claims by shareholders alleging "the devaluation of stock" are "'clearly derivative' because 'that is an injury that fell on every stockholder, majority and minority alike, and fell on each on a per share basis." *Pan Pac. Retail Props., Inc. v. Gulf Ins. Co.*, 471 F.3d 961, 968 (9th Cir. 2006). In the RICO context, we have held that a plaintiff may not use the civil RICO statute to recover for derivative injuries because the plaintiff has no standing to assert a claim for injuries inflicted on a different legal entity (in the case of a shareholder, the corporation in which he owns shares) that affect him only indirectly. *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 640–41 (9th Cir.

---

[1] Here, the claim is that Uthe Singapore's clients were diverted and its income decreased by the Conspirators acts and omissions. Its goodwill was also injured. Good will and earning power are recognized assets of a firm.

4

1988) (citing *Carter v. Berger,* 777 F.2d 1173, 1175 (7th Cir. 1985)); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1240 (9th Cir. 1998).

The district court granted Defendants' motion for summary judgment on the sole ground that Uthe's alleged injuries were derivative and, as a result, Uthe did not have standing to pursue its RICO claim. Uthe appeals, arguing that the district court erred in granting summary judgment to the Defendants.

Summary judgment is proper when there "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review a grant of summary judgment de novo, and may affirm on any ground supported by the record. *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 853, 860 n.17 (9th Cir. 1995). Finding no error in the district court's order, we affirm.

Uthe argues that it suffered a direct injury, while the Defendants argue that Uthe's remaining alleged injuries are derivative of its stake in Uthe Singapore. As noted above, this distinction is significant because we have held that a plaintiff may not use the civil RICO statute to recover for derivative injuries. *Sparling*, 864 F.2d at 640–41; *Linney*, 151 F.3d at 1240. Uthe's arguments that its RICO claim should be allowed to proceed fail.

First, Uthe argues that it suffered a direct, rather than derivative, injury because it was forced to sell Uthe Singapore. Uthe argues that there is evidence in the record that it never would have sold Uthe Singapore but for the actions of the

5

Conspirators. At oral argument, Uthe's counsel went so far as to say that "Uthe Singapore was actually doing just fine" as a business. Consequently, Uthe asserts that its claim is for the "theft" of the healthy business of Uthe Singapore—not for a reduction in the value of Uthe's ownership interest in Uthe Singapore by the Conspirators' "theft" of Uthe Singapore's business.

But this argument differs substantially from the manner in which Uthe presented its injury in the district court. Uthe's claim below was that the Conspirators' actions <u>actually destroyed</u> the business of Uthe Singapore and reduced its value. The SAC states that the Conspirators "had succeeded in gutting UTHE's Singapore business and destroying [Uthe Singapore], destroying UTHE's investment and cutting off its stream of revenue." And at the hearing on Defendants' motion for summary judgment, Uthe's counsel described the harm Uthe had suffered as being to "the value of the shares [in Uthe Singapore] which were an asset."

In short, Uthe's theory below was that the Conspirators stole Uthe Singapore's customers and thus harmed Uthe Singapore's business, thereby reducing the value of Uthe Singapore's stock, and harming Uthe itself when Uthe sold its shares. In short, Uthe's theory below was based on a derivative injury, namely that the Conspirators stole Uthe Singapore's customers and thus harmed Uthe Singapore's business, thereby reducing the value of Uthe Singapore's stock, and harming Uthe

6

itself when Uthe sold its shares. *Pan Pac. Retail Props., Inc.*, 471 F.3d at 968. Having pursued a derivative theory of injury below, Uthe cannot now reverse course.

Next, citing cases from non-RICO contexts, Uthe also argues that, even if its injury is derivative, it should be allowed to pursue a RICO action because it is now a <u>former</u> shareholder of Uthe Singapore. But Uthe cites no authority for the proposition that former shareholders are permitted to pursue <u>RICO actions</u> for derivative injuries, a position that would be in substantial tension with our precedent from *Sparling*. Moreover, the cases Uthe does cite do not stand for the proposition that a party's status as a former shareholder converts an otherwise derivative injury into a direct injury. Instead, these cases stand for the proposition that, at times, courts may allow a former shareholder to pursue a claim for a <u>derivative injury </u>as part of a <u>direct action</u> in order to avoid a situation in which the former shareholder is left without a remedy. *See, e.g.*, *Northstar Fin. Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1059–60 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en banc* (Apr. 28, 2015). But in the RICO context, it is suits for <u>derivative injuries</u> that are barred. *See Sparling*, 864 F.2d at 640. Even if Uthe were allowed to pursue its claim under the rule from *Northstar*, it would still be asserting a RICO claim for

7

a derivative injury, a course of action that is forbidden by *Sparling*. Thus, Uthe's argument fails to distinguish its claim from those barred by our precedent.[2]

Because Uthe's injury is a derivative injury, the district court correctly granted summary judgment on Uthe's RICO claim. **AFFIRMED.[3]**

---

[2] Uthe also argues that the district court's grant of summary judgment in this case was erroneous because the district court did not provide Uthe with notice. This argument is meritless. The district court granted summary judgment in response to an argument raised in a properly noticed motion for summary judgment that was before the court.

[3] Uthe's motion asking us to take judicial notice of certain documents in the appellate record is DENIED. The documents the motion identifies are already in the appellate record and were considered by the court without need to take judicial notice of their contents.